IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Cr. A. No. 07-100-GMS |
| | : |
| JASON WESTLEY | : |
| a/k/a "J WES" | : |
| a/k/a "J WEST" | : |
| a/k/a "JOHN WEST" | : |
| a/k/a "J DUBS" | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney for the District of Delaware, and the defendant, Jason Westley, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with knowing possession of a firearm by a felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The government agrees to dismiss Counts Two through Five at sentencing.

2. The maximum penalty for Count One is ten years imprisonment, a $250,000.00 fine, three years supervised release following any term of imprisonment, and a $100.00 special assessment.

3. The essential elements of the Count One, each of which the government would have to prove beyond a reasonable doubt at trial, are: (I) the defendant knowingly possessed a firearm; (ii)

the defendant, prior to the date of defendant's possession of the firearm, was convicted of a crime punishable by imprisonment for a term exceeding one year; and (iii) the firearm, prior to the date of defendant's possession of the firearm, traveled in interstate or foreign commerce.

4. The defendant knowingly, voluntarily, and intelligently admits that on May 13, 2007 he knowingly possessed in and affecting interstate commerce, a firearm, that is, a .32 caliber Phoenix semiautomatic handgun, serial number 4175693, after having been convicted on or about June 15, 2005, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for Kent County, Delaware.

[handwritten annotation: .25 ~~SHG~~ /SMB 6/16/08]

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. Based on the record as it exists on the date of this agreement, the government agrees that there is a factual basis for and will not oppose defendant's request for a downward departure for

diminished mental capacity pursuant to Sentencing Guidelines Section 5K2.13, and therefore does not oppose a sentence below the recommended Sentencing Guidelines range.

8. The defendant has advised the government of his intention to request time served at the time of sentencing.

9. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

10. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

11. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior

promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edson Bostic, Esquire
Attorney for Defendant

_____
David L. Hall
Assistant United States Attorney

_____
Jason Wesley
Defendant

Dated: June 16, 2008

AND NOW, this 16th day of June, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge

FILED
JUN 16 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE